**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, ext. 13
Facsimile:   (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorney for Mr. Nolasco-Hernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 07cr03010-JAH |
| ) Plaintiff, ) | DATE: Feb. 25, 2008 |
| v. ) | TIME: 10:30 a.m. |
| ) | |
| MIGUEL NOLASCO-HERNANDEZ, ) | |
| ) Defendant. ) | SENTENCING MEMORANDUM |

TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY;
       CHRISTOPHER TENORIO, ASSISTANT UNITED STATES ATTORNEY:

The defendant, Mr. Nolasco-Hernandez, through counsel, Robert H. Rexrode, files this sentencing memorandum.

**I.**

**AGREED TO SENTENCING GUIDELINE CALCULATIONS**

Mr. Nolasco-Hernandez has entered into a plea agreement with the government. Under this plea agreement, the parties have agreed to the appropriate guideline calculations in this case and a stipulated sentence of **eight** months in prison.

Mr. Nolasco-Hernandez's Base Offense Level (BOL) is 12. *See* USSG § 2L1.1 (a)(2). This BOL is increased 3-levels based on the number of immigrants transported. *See* USSG § 2L1.1 (b)(2). A 2-level reduction for acceptance of responsibility is also appropriate. *See* USSG § 3E1.1(a)-(b). Due to the government's recommendation, so too is a 2-level departure for "fast-track." *See* USSG § 5K3.1. With these adjustments and departures,

Mr. Nolasco-Hernandez's Adjusted Offense Level (AOL) is 11. At Mr. Nolasco-Hernandez's Criminal History Category, which is I, this translates into an advisory guideline range of 8 to 14 months. *See* USSG, Sentencing Table.

Consistent with the plea agreement in this case, Mr. Nolasco-Hernandez requests a sentence of eight months in prison.

## II.

## THE PROBATION OFFICER'S CALCULATIONS ARE INAPPROPRIATE

The Probation Officer's guideline calculations differ from those of the parties. In particular, the Probation Officer is recommending a 6- level increase due the number of immigrants involved (USSG § 2L1.1 (b)(2)(B)), and a 4-level increase due to "uncharged conduct" and a "combination of circumstances." "(USSG § 2K2.21 & USSG § 2K2.0). *See* Pre-Sentence Report (PSR) at 11, 13. These adjustments are inappropriate.

**A.     governing law**

To justify an increase in a person's offense level, the party advocating such an increase must produce evidence in support of that increase. *See United States v. Gonzalez*, 492 F.3d 1031, 1039 (9th Cir. 2007). As to what standard of proof a party seeking an offense level increase must meet: a "sentencing factor that has 'an extremely disproportionate effect on the sentence relative to the offense of conviction' may require a district court to find that factor by clear and convincing evidence, rather than by a preponderance of the evidence." *Id*. (citation omitted).

**B.     number of immigrants**

The Probation Officer is recommending a 6- level increase due to the number of immigrants involved. The Probation Officer reaches this level increase by taking into account what she believes to be "relevant conduct." PSR at 11.

**a. The "relevant conduct" far exceeds the expectations of the parties**

Mr. Nolasco-Hernandez and the government came to a negotiated settlement in this case. As part of that settlement, the government and Mr. Nolasco-Hernandez agreed to reliable facts that should be taken into account at sentencing. For example, although

unnecessary to the factual basis for the crime to which Mr. Nolasco-Hernandez pleaded guilty (smuggling one person), Mr. Nolasco-Hernandez agreed in the plea agreement's factual basis that he attempted to smuggle eighteen people. Plea Agreement at 6. This fact, in turn, is explicitly denoted as relevant conduct in the plea agreement. *Id*. at 11. This reliable fact was contemplated by the parties to encompass Mr. Nolasco-Hernandez's relevant conduct for purposes of the advisory guidelines. *Id*.

Presumably, the "relevant conduct" discussed by the probation officer in her report was reaped from information known to the government at the time of Mr. Nolasco-Hernandez's plea. If the government deemed the history of this conduct reliable and indeed "relevant" to Mr. Nolasco-Hernandez's current case, the government could have included it in its plea agreement. The government did not. Mr. Nolasco-Hernandez asks the Court to respect the judgement of the parties as to the scope of relevant conduct associated with this case.

### b.  USSG § 2L1.1(b)(2) Only Applies to the "Offense"

Section 2L1.1(b)(2) provides, in relevant part, "If the offense involved the smuggling, transporting, or harboring of six or more aliens, increase as follows . . .." Here, there has been absolutely zero proof that the other alleged arrests were part of the instant offense. It is not enough that the charged conduct is similar to the alleged uncharged conduct. Therefore, the probation officer's proposed nine-level increase is inappropriate.

### c.  The "relevant conduct" is unproven

The probation officer is recommending a *six-level* increase in Mr. Nolasco-Hernandez's offense level based on facts that have not been established with any degree of certainty. The factual basis for the probation officer's imposition of this enhancement is based (presumably) upon reports that summarize earlier apprehensions. Mr. Nolasco-Hernandez does not agree with the facts outlined in those reports. He denies that he has ever smuggled people before this arrest.

Here, the probation officer is seeking to impose a *six-level* increase in Mr. Nolasco-Hernandez's offense level. This increase (when combined with the Probation Officers *four-*

1  *level* increase for "uncharged conduct") takes Mr. Nolasco-Hernandez's sentencing guideline
2  range from 8 to 14 months (under the agreed upon guideline calculations in the plea
3  agreement), to 24 to 30 months.  The probation officer's proposed increase thus roughly
4  triples Mr. Nolasco-Hernandez's advisory guideline range.  The magnitude of the proposed
5  increase and the rough tripling of Mr. Nolasco-Hernandez's guideline range meets the
6  requirements, under Ninth Circuit law, for a "disproportionate effect," and thus the probation
7  officer's suggested increase must be supported by at least clear and convincing evidence.
8  *See Gonzalez*, 492 F.3d at 1039 (discussing significance of an increase of four or more levels
9  and the doubling of a person's guideline range).
10       At this point, there is no evidence to support the probation officer's suggested six-
11 level increase, let alone evidence that meets the heightened standard of clear and convincing
12 evidence.  Even crediting the information discussed by the probation officer, (which
13 Mr. Nolasco-Hernandez does not), there is simply insufficient evidence to support the
14 proposed increase.  For such a dramatic increase in a person's sentence, there must be more
15 that the Probation Officer's liberal use of the word that it "appears" that Mr. Nolasco-
16 Hernandez has been involved in this type of behavior before.
17       There is no evidence to support the probation officer's proposed nine-level increase.
18 Without the factual predicate for the increase, the Court should decline to impose it.
19       **d.  The "relevant conduct" is simply *not* "relevant conduct"**
20       A sentencing judge may consider "uncharged and unadjudicated" conduct for
21 sentencing purposes only if it is deemed "relevant conduct."  *See* USSG § 1B1.3(a)(1), (2).
22 "The Guidelines distinguish between two categories: 'relevant conduct' under § 1B1.3(a)(1)
23 includes *only* acts that occurred during the commission of the offense, while the broader
24 category of 'expanded relevant conduct' under § 1B1.3(a)(2) includes any conduct that is part
25 of the same scheme or plan as the offense of conviction." *United States v. Williamson*, 439
26 F.3d 1125, 1138 (9th Cir. 2006) (emphasis in original).  According to section 1B1.3, the
27 broader category is used "solely with respect to the offenses" which require grouping under
28 § 3D1.2(d), unless otherwise specified.

1    Here, section 1B1.3(a)(1) does not apply because the probation officer has not
2 established that the alleged acts occurred "during the commission of the offense." Nor does
3 section 1B1.3(a)(2) apply. The probation officer has not sufficiently established that the
4 alleged conduct was "part of the same scheme or plan as the offense of conviction." Rather,
5 the probation officer simply writes that this unproven conduct will be "viewed" as relevant
6 conduct. PSR at 11. A six-level increase in a person's offense level should not be "viewed"
7 to exist. Yet, the probation officer makes little attempt to actually analyze why these
8 unproven incidents constitute the *same* scheme or plan as the offense of conviction.
9    An increase of six levels in a person's offense level—based on uncharged and
10 unproven acts—should be supported by a strong showing of appropriateness. It is not here.
11       **e. Any reliance on the "relevant conduct" would violate the Sixth Amendment**
12    In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court recognized the
13 importance of the Sixth Amendment guarantee to only sentence defendants based upon the
14 jury's factual findings or a defendant's sworn factual admissions at a guilty plea, *id*. at 244,
15 yet it retained the validity of the Sentencing Guidelines system by making it advisory. *Id*. at
16 258-265. *Booker* also determined that on appeal, sentences were to be reviewed for
17 "reasonableness." *Id*. In *Booker*, the Court did not spell out the contours of "reasonableness"
18 review. *See id* at 260-61; *see also id*. at 311 (Scalia, J., dissenting in part). Subsequently,
19 the Supreme Court decided *Cunningham v. California,* ___ U.S. ___, 127 S.Ct. 856 (2007)
20 and *Rita v. United States*, ___ U.S.___, 2007 WL 1772146 (June 21, 2007), both of which
21 must be considered before this Court seeks to sentence Mr. Nolasco-Hernandez based upon
22 judicial findings of facts which were not admitted by Mr. Nolasco-Hernandez at his guilty
23 plea.
24    In *Cunningham*, the Supreme Court invalidated California's determinate sentencing
25 scheme because it failed to comply with the Sixth Amendment right requiring that any fact
26 that exposes a defendant to a greater potential sentence must be found by a jury, not a judge,
27 and established beyond a reasonable doubt, not merely a preponderance of the evidence. 127
28 S.Ct. at 863-64. *Cunningham* reiterated the principles set forth in *Apprendi v. New Jersey*,

530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), reaffirming that the statutory maximum sentence was that authorized by the jury's verdict or the defendant's admissions at the guilty plea. 127 S.Ct at 868.

In *Rita*, the Court decided that in a case where there were no judicial findings which enhanced the defendant's within-Guidelines' sentence that appellate courts could apply a presumption of reasonableness to a "sentence that reflects a proper application of the Sentencing Guidelines." 2007 WL 1772146 at *6. In keeping with its decision in *Booker*, the Court applied an appellate standard which required substantive reasonableness review of sentencing decisions. *Id*.; *see also id.* at *17 (Stevens, J. concurring) (*Booker* "plainly contemplated that reasonableness review would have a substantive component.").

In applying a substantive standard of appellate review, appellate courts will review sentences which are unreasonable because they are either too high or too low. *See id*. at *22 (Scalia, J., concurring and concurring in the judgment); *see also Cunningham*, 127 U.S. at 880 n.11 (Alito, J. dissenting) (reasonableness review is not an empty exercise).[1] In order to review a sentence as too high, thus, unreasonable, courts must determine what the maximum reasonable sentence is. *See id*. The Court's Sixth Amendment jurisprudence mandates that the maximum reasonable sentence be the sentence authorized only by facts found by the jury or admitted by the defendant at a guilty plea. *Id*. ("[F]or every given crime there is some maximum sentence that will be upheld as reasonable based only on the facts found by the jury or admitted by the defendant. *Every* sentence higher than that is legally authorized only by some judge-found fact, in violation of the Sixth Amendment."); *see also Cunningham*, 127 S. Ct. at 880 (Alito, J. dissenting) ("For each statutory offense, there must

---

[1] Justice Scalia's notes that by reviewing sentences substantively as "unreasonable," the Court reintroduced the Sixth Amendment issue into the sentencing scheme. *Id*. at 22 ("the Sixth Amendment problem with reasonableness review is created only by the lack of district court discretion to impose *high* sentences, since eliminating discretion to impose *low* sentences is the equivalent of judicially creating mandatory minimums, which are not a concern of the Sixth Amendment. . . . . But since reasonableness review should not function as a one-way ratchet, . . . we must forswear the notion that sentences can be too low in light of the need to abandon the concept that sentences can be too high.").

be a sentence that represents the least onerous sentence that can be regarded as reasonable in light of the bare statutory elements found by the jury."). Justice Scalia also noted that *Rita*'s majority opinion itself recognized that "reasonableness" review would necessarily encompass review for Sixth Amendment challenges to sentences that are imposed (as proposed here) based upon judge's factual findings. *See id*. at 23 (Scalia, J. concurring and concurring in the judgment) ("The one comfort to be found in the Court's opinion . . . is that it does not rule out as-applied Sixth Amendment challenges to sentences that would not have been upheld as reasonable on the facts encompassed by the jury verdict or guilty plea."); *see also id*. at 17 (Stevens, J. concurring) (recognizing that substantive reasonableness review may lead to review of sentences for Sixth Amendment violations though *Rita* did not present such a case).

Justice Scalia's lament is that in undertaking the substantive reasonableness review, the task of determining the constitutionally-permissible statutory maximum sentence will fall upon appeals courts rather than district courts. *Id*. at *22 (Scalia, J. concurring and concurring in the judgment) ("The only difference between this system and the pre-*Booker* mandatory Guidelines is that the maximum sentence based on the jury verdict or guilty plea was specified under the latter but must be established by appellate courts, in case-by-case fashion, under the former"). However, he suggests that conscientious district court judges should determine the constitutionally-permissible "reasonable" maximum sentence in the first instance as did the district court in *United States v. Griffin,* No. 05-10175-WGY, __ F. Supp.2d ___, 2007 WL 1620526, *13-*14 (D.Mass. June 6, 2007); *Rita*, 2007 WL 1772146 at *26 (Scalia, J. concurring and concurring in the judgment) ("At least one conscientious District Judge has decided to shoulder the burden of ascertaining what the maximum reasonable sentence is in each case based only on the verdict and appellate precedent, correctly concluding that this is the *only* way to eliminate Sixth Amendment problems after *Cunningham* if *Booker* mandates substantive reasonableness review.").

The approach taken in *Griffin* is to determine the statutory maximum reasonable sentence as established by the jury's factual findings. 2007 WL 1620526, *13-*14. In cases

1 of guilty pleas, the statutory maximum would be established by the defendant's admissions
2 at the guilty plea hearing.  In this case, this means that the statutory maximum reasonable
3 sentence is based upon the admissions made at Mr. Nolasco-Hernandez's guilty plea:
4 admissions to the smuggling eighteen immigrants which results in an offense level of 11.
5 Mr. Nolasco-Hernandez made no other sworn admissions; he was not asked about specific
6 prior apprehensions nor did he make any admissions regarding any of the incidents identified
7 by the probation officer.

8       This Court, consistent with *Apprendi*, *Blakely*, *Cunningham*, and *Rita*, cannot sentence
9 Mr. Nolasco-Hernandez based upon recitations in the PSR, as that constitutes the
10 constitutionally-infirm practice of judicial fact-finding to increase the sentence above the
11 reasonable maximum sentence determined by Mr. Nolasco-Hernandez's sworn admissions.
12 Such fact-finding leads ineluctably to a Sixth Amendment violation at the level of review for
13 reasonableness.

14 **C.**     **"uncharged conduct" & "combination of circumstances"**

15       The Probation Officer is also recommending a 4- level increase due to "uncharged
16 conduct" and a "combination of circumstances."  This increase appears to be based on the
17 same alleged conduct the Probation Officer is using to justify her recommendation of a 6-
18 level increase based on "relevant conduct."  This increase is not justified for the reasons
19 discussed above.  Additionally, in recommending this upward adjustment, the Probation
20 Officer has engaged in "double counting."  This provides an independent reason to *not*
21 impose this increase. *See United States v. Alexander*, 48 F.3d 1477, 1492 (9th Cir. 1995).

22 **D.**     **summation**

23       The Probation Officer's proposed increases are appropriate in this case.  Mr. Nolasco-
24 Hernandez requests the Court not adopt the Probation Officer's guideline calculations.
25 //
26 //
27 //
28 //

1
2

### III.
### CONCLUSION

3   Mr. Calixto-Castro requests a sentence consistent with the recommendation of both
4 parties—**eight** months in prison.

5
6                                        Respectfully submitted,

7
                                         /s/ Robert H. Rexrode
8   Dated: February 18, 2008              **ROBERT H. REXRODE, III**
                                         Attorney for Mr. Nolasco-Hernandez
9                                        robert_rexrode@rexrodelawoffices.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28